## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LERON WILBORN,**

            **Plaintiff,**

**vs.**                                                  **No.  10-0423-DRH**

**RANDY PFISTER**
            **Defendant.**


## AMENDED MEMORANDUM and ORDER[1]


**HERNDON, Chief Judge:**

Now before the Court is petitioner's January 16, 2013 motion to alter or amend a judgment (Doc. 24).  Specifically, Wilborn moves the Court to amend or alter its January 8, 2013 Order and Judgment denying his habeas corpus petition and dismissing with prejudice his cause of action (Docs. 22 & 23).  Wilborn contends that he did not receive "notice with a Magistrate Judge Donald G. Wilkerson's Report and Recommendation (Doc. 20)" and, therefore, did not have an opportunity to file timely objections to the Report and Recommendation. Based on the following, the Court denies the motion.

Different standards and time-tables govern Rule 59(e) and Rule 60(b) motions.  Rule 59(e) permits a court to alter or amend a judgment only if the movant demonstrates a manifest error of law or fact or presents newly discovered

---

[1] The Court amends its January 28, 2013 Order (Doc. 25) to change the last two sentences on page 3.

evidence that was not previously available. See, e.g., *Sigsworth v. City of Aurora*, 487 F.3d 506, 511–12 (7th Cir.2007). Rule 60(b) permits a court to relieve a party from an order or judgment based on such grounds as mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the 28–day deadline for filing a Rule 59(b) motion.   FED. R. CIV. P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. See, e.g., *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke–Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. U.S.*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852, 85 S.Ct. 98, 13 L.Ed.2d 55 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of Rule 60(b).").

Here, petitioner's motion was filed within 28 days of the entry of judgment in this case, therefore, either Rule 59(e) or Rule 60(b) may be applied. See *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir.2008) ( "[W]hether a motion filed within [28] days of the entry of judgment should be analyzed under Rule

59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it."); *see also Borrero v. City of Chicago,* 456 F.3d 698, 701–02 (7th Cir. 2006).

Petitioner's motion fails under both standards.  Here, petitioner contends that he did not receive notice of the Report because he is an incarcerated person who does not receive notices of electronic mail directly. Specifically, that neither Michelle R. Clark nor Mark Spencer at Pontiac Correctional Center have provided petitioner with a notice of the Report.  The Court disagrees.

On December 10, 2012, Magistrate Judge Wilkerson issued a Report and Recommendation ("the Report") recommending that the Court deny Wilborn's habeas corpus petition and dismiss with prejudice his case (Doc. 20).  The Report contained specific language that also informed Wilborn that objections to the Report needed to be filed within fourteen days after service of the Report (Doc. 20, p. 11). The Report text information also informed petitioner that his objection was due December 27, 2012.  Further, the next day, the Clerk of the Court issued a Notice that again contained the time period for filing objections (Doc. 21).  Clearly, the record reflects that both the Report and the Notice were sent to the address, Pontiac Correctional Center, that petitioner provided in his December 14, 2011 change of address (Doc. 19).  Specifically, the notation in the Court's record, placed there by the Clerk, is that the Order and Notice were sent to the petitioner by electronic means to Pontiac Correctional Center.  The Court finds that both the Report and Notice were properly sent to petitioner as provided by the procedures

set forth in the November 27, 2012 General Order: No. 2012-1, In Re: Procedural

Rules for Electronic Filing Program.  The Court does not accept his assertion that

he did not receive the Order and Notice.

Accordingly, the Court **DENIES** petitioner's motion to alter or amend

judgment (Doc. 24).  Further, the Court **VACATES** the January 28, 2013 Order

(Doc. 25).

**IT IS SO ORDERED.**

Signed this 29th day of January, 2013.

Digitally signed by
David R. Herndon
Date: 2013.01.29
10:28:47 -06'00'

**Chief Judge**
**United States District Court**