IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

LERON WILBORN

    Petitioner,

v.                                      10-0423-DRH

RANDY PFISTER,

    Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Pending before the Court is petitioner's motion for leave to proceed *in forma pauperis* ("IFP") on appeal (Doc. 50). Based on the following, the Court grants the motion to proceed IFP.

In evaluating petitioner's motion to appeal IFP, the Court must determine whether the appeal is taken in good faith. As to the good faith requirement, the Court must "find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). "[A]n appeal in a frivolous suit cannot be 'in good faith' under § 1915(a)(3), because 'good faith' must be viewed objectively." *Moran v. Sondalle*, 218 F.3d 647, 650 (7th Cir. 2000). *See also Lee*, 209 F.3d at 1026; *Tolefree v. Cudahy*, 49 F.3d 1243, 1244 (7th Cir. 1995) ("[T]he granting of leave to appeal in forma pauperis from the dismissal of a

*frivolous* suit is presumptively erroneous and indeed self-contradictory.") That said, a district court is under an obligation "not to apply an inappropriately high standard when making good faith determinations." *Pate v. Stevens*, 163 F.3d 437, 438 (7th Cir. 1998).

In the case at bar, the Court denied and dismissed with prejudice the 28 U.S.C. § 2254 petition finding that petitioner is not entitled to relief. However, the Court is unable to certify that this appeal is not taken in good faith. *See* 28 U.S.C. § 1915 (a)(3).

Full payment of the $505.00 appellate filing and docketing fee is not required in a habeas action under 28 U.S.C. § 2254. *See Walker v. O'Brien*, 216 F.3d 626, 638 n.5 (7th Cir. 2000) (courts cannot use the installment payment procedure established by the Prisoner Litigation Reform Act (PLRA) in 28 U.S.C. § 1915(b)(2) to collect filing fees in habeas appeals). However, the *Walker* court noted that "[a] court has it within its discretion to insist that litigants proceeding IFP in non-PLRA cases must nonetheless pay a fee commensurate with their ability to do so." *Id.*

In regard to the district court's discretion in ruling on an IFP request, the *Walker* court references *Longbehn v. United States*, 169 F.3d 1082, 1083 (7th Cir. 1999). In *Longbehn*, the district court, after recognizing that the PLRA did not apply to a habeas proceeding, nevertheless exercised its discretion to adopt the PLRA formula in § 1915(b)(1) in order to calculate a reasonable partial payment of an appellate filing fee where the petitioner had requested to proceed

IFP. *Longbehn*, 169 F.3d at 1083 (affirming *Longbehn v. Reno*, 27 F. Supp. 2d 1162, 1164 (W.D. Wis. 1998)). The Seventh Circuit stated that this exercise of discretion was sound, and further "commend[ed] [the Judge's] approach to other district judges." *Id.*

Under the approach recommended in *Longbehn*, this Court may appropriately adopt the PLRA formula to calculate a partial payment of the appellate fee. The undersigned Judge is persuaded that this use of § 1915(b)(1) is a proper exercise of the Court's discretion in arriving at a fair, sliding-scale formula for an appropriate partial fee payment.

The Court finds that petitioner is indigent. Therefore, the instant motion (Doc. 50) is **GRANTED**. Based on petitioner's six month deposit account balance, **IT IS HEREBY ORDERED** that petitioner shall make a payment of $16.15 toward the appellate docketing fee, and is granted leave to proceed IFP with respect to the remainder of the fee. A litigant who proceeds IFP still owes the fees. If he wins, the fees are shifted to the adversary as part of costs; if he loses, the fees are payable like any other debt. *Thomas v. Zatecky*, 712 F.3d 1004, 1005 (7th Cir. 2013). Petitioner is **DIRECTED** to pay the $16.15 to the Clerk of Court upon receipt of this Memorandum and Order. Payment shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202.

Petitioner is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to appeal this action without being required to prepay fees

and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  SDIL-LR 3.1(c)(1).

Finally, petitioner is **ADVISED** that he is under a continuing obligation to keep the Clerk of this Court informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

Lastly, the Court **DENIES as moot** Wilborn's motion for certificate of appealability (Doc. 51).  The Court previously declined to issue a certificate of appealability in its January 15, 2014 Memorandum and Order denying and dismissing with prejudice Wilborn's habeas corpus petition (Doc. 43). .

**IT IS SO ORDERED.**

Signed this 25th day of March, 2014.

Digitally signed by
David R. Herndon
Date: 2014.03.25
14:18:33 -05'00'

**Chief Judge**
**United States District Court**